Gastoh Judge.
The case does not set forth the evidence which was given respecting the execution of the deed from Peter Fisher to Jacob Fisher and the lessor of the plaintiff, and therefore it is impossible for us to say positively whether there is or is not error in that part of his Honor’s instruction which relates to the delivery of the deed. Exe-cud°n includes delivery and when it is stated as a fact that “its execution was proved,” we must understand'that such evidence was offered as established its delivery •prima facie an<^ unt^ evidence was contradicted or impeached. If it were then certainly the production of the deed by one of the grantees accompanied with testimony of long possession un(jer ft ft a Very strong circumstance to confirm the prima proof of delivery.
If this action had been brought against Jacob Fisher, it plain we think that the plaintiff would be entitled to recover- Not only had the lessor of the plaintiff and the said Jacob entered into the possession under one and the same claim of title, a deed from Peter Fisher to them as tenants in commoil‘ but on the 10th April 1817, after they had been thus in possession for more than eight years, they executed *59 an instrument which they called an agreement under their hands and seals for the avowed purpose of settling and con-eluding all controversies which had theretofore existed between them, whereby they do acknowledge, declare and agree “that they the said Samuel and Jacob are to be joint owners and equally interested in all the land and tracts land conveyed by Peter Fisher to the said Samuel and ' , ,it cob. It could not be permitted to either of them, holding possession after this solemn declaration, until the rights thereby acknowledged should be divested or changed, to set that possession up as hostile to the title of his cotenant. It follows we think that the defendant having succeeded to Jacob Fisher’s possession, and coming into that possession him, is equally estopped from denying the right of the lessor of the plaintiff.
Where an ^-Tmade Pur-pose of set-tiing all controversies between them, and in which they ac-knowledg-ed among other things that íhnLTf L tenants m common of allthelands th^had purchased from C, a memorandum endorsed on the agreement by the parties that it was not to extend to the suit of D’s heirs and'cf E’ “ and A, attofney01 heirs)”1 understood to except operation grcement' the ac-^ common111 in the said land between A, though the heirs°fo?'S whom A, wasfof the game land.
*59 The declaration in Jacob Fisher’s deed to the defendant that he had a title to the whole — or the ignorance of the defendant with respect to the right of the lessor of the plaintiff at the time when that deed was made, does not prevent the rule of law from attaching. The estoppel applies to the defendant by reason of his priority with'and under Jacob Fisher, not because of personal ill faith. Jacob Fisher’s deed was indeed a color of title under which a possession by the defendant for a sufficient length of time, would divest the title of the plaintiff’s lessor. But until that title was divested, it was sufficiently established against Jacob Fisher and those coming in afterwards under Jacob Fisher by showing the avowed cotenancy with him.
A brief notice will be all that is necessary of the other points in the case. The statements made in the bill in Equity filed by Ross could only be material as evidence to show that Peter Fisher had not a good title at the date of his deed. But this would not effect the title of the plaintiff’s lessor because the defandant was not at liberty to dispute that title. The construction which .the Judge placed on the proviso or memorandum attached to the agreement was the only one it could bear. As to the Marshall’s deed — and the sale by the Sheriff under the judgment of Bird’s heirs against Peter Fisher, which judgment had been bought by Ross — • , 11 ii ,, is enough to say that these as well as the bill m equity, all *60 occurred previously to the execution of the judgment of the 10th April 1817, and all claims and contests under or by reason of them, were by that instrument concluded. 7 J
We are of opinion that the judgment ought to be af-n v firmed,
Per Curiam. Judgment affirmed.